**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**RICHARD HENNESSY**                                                               **PLAINTIFF**

**vs.**                                                **CIVIL ACTION NO. 3:05CV640 TSL-JCS**

**KUHLMAN ELECTRIC CORPORATION**                                   **DEFENDANT**

## ORDER

This matter came before the Court on the "Objection to and Motion to Quash Subpoena Duces Tecum" of Borg Warner, Inc. Fed. R. Civ. P. 45(c)(2)(B) permit a person upon whom a subpoena duces tecum is served to submit an objection to the party serving the subpoena, after which it becomes incumbent upon that party to seek judicial relief. Moreover, the court has reviewed the Motion and notes that it is not accompanied by a Certificate of Good Faith. Fed. R. Civ. P. 26(c) requires a party moving for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties not making the disclosure in an effort to resolve the dispute without court action . . . ." Unif. Local R. 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order.

This requirement is not an empty formality. On the contrary, it has been the court's experience that obliging attorneys to certify to the court that they have conferred in good faith results, in a large number of cases, in counsel's resolving their discovery disputes without court intervention. Thus, the requirement of a certificate cannot be satisfied by including with the motion copies of

correspondence that discuss the discovery at issue; instead, the court requires both attorneys to certify that they conferred on the discovery issues in an attempt to resolve them.

Because no Certificate of Good Faith is attached to the Motion for Protective Order, that motion will be denied.  This denial is without prejudice to Borg Warner's right to file a subsequent Motion for Protective Order with the appropriate attachment.

**IT IS, THEREFORE, ORDERED** that BorgWarner Inc.'s "Objection to and Motion to Quash Subpoena Duces Tecum" is hereby **denied**.

**IT IS SO ORDERED** this the 14th day of July, 2006.

                                              S/James C. Sumner
                                        **UNITED STATES MAGISTRATE JUDGE**