**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**RICHARD HENNESSY**                                                                     **PLAINTIFF**

**vs.**                                                          **CIVIL ACTION NO. 3:05CV00640 TSL-JCS**

**KUHLMAN ELECTRIC CORPORATION**                                              **DEFENDANT**

## ORDER

This matter came before the court on the "Objection to and Motion to Quash Subpoena Duces Tecum" filed by BorgWarner, Inc. BorgWarner is not directly a party to this action; however, it purchased the Defendant's parent company in March, 1999, and sold its stock in that company seven months later. This suit is based upon the Plaintiff's termination of employment by the Defendant in April, 2000.

As the court pointed out in denying an earlier Motion, it would have been sufficient for BorgWarner to have simply served an Objection on the Plaintiff, which would have had the effect of nullifying the subpoena and forcing the Plaintiff to seek relief from the court. That course of action would have put the burden on the Plaintiff to show why the requested documents are necessary to his case. Instead, BorgWarner has chosen to move for relief, placing upon itself the burden of showing why the documents are not necessary. Given the sweeping nature of the subpoena, it is difficult to determine whether the documents should be produced.

Since the time that the Motion was filed, the Plaintiff has revised the subpoena and limited his request. It is still difficult for the court to determine whether the documents should be produced, particularly since BorgWarner has not submitted any rebuttal argument. Therefore, the Motion will be denied at this time. This denial does not limit BorgWarner's right to object to the subpoena, or

the proposed revised subpoena, if served.  The court advises the Plaintiff that it will not likely order the massive production of documents requested unless he makes the appropriate motion to the court and satisfies his burden of showing why the documents are necessary to prosecute his case.

**IT IS, THEREFORE, ORDERED** that the Objection to and Motion to Quash Subpoena Duces Tecum is hereby **denied**.

**IT IS SO ORDERED AND ADJUDGED** this the 18th day of August, 2006.

                                                     James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE